IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-69-BO

| | |
|---|---|
| FRANCES ANNETTE TOTHEROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 21, 24]. A hearing was held on these matters before the undersigned on September 23, 2019, at Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 21] is DENIED and defendant's motion [DE 24] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits and supplemental security income. Plaintiff filed her applications for benefits in February 2014. After initial denials, plaintiff was given a hearing before an Administrative Law Judge (ALJ) in December 2016. The ALJ issued an unfavorable ruling, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20

C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

In this case, the ALJ found at step two that plaintiff had the severe impairments of degenerative disc disease and depression. At step three, the ALJ found that plaintiff did not meet the requirements for a Listing. After determining plaintiff was limited to simple, routine, repetitive tasks in an environment where there is no interaction with the general public, at step four, the ALJ concluded plaintiff could perform her past relevant work as a housekeeper and an automobile upholsterer, and accordingly, was not disabled.

Plaintiff argues the ALJ improperly rejected the opinions of consultative examiner Dr. Carlson and state agency psychological consultant Dr. Charles, which in turn, led to an RFC that did not account for all of plaintiff's limitations resulting from her depression.

Regarding Dr. Carlson, plaintiff argues the ALJ's explanation that the opinion was not supported by other medical evidence of record was insufficient and required additional detail. The Court finds no reversible error on this point. The ALJ cited to Exhibit 7F—medical records of inpatient psychiatric treatment plaintiff received in mid-July 2016—as the medical evidence undercutting Dr. Carlson's opinion. An ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Here, the

3

ALJ should have provided a better explanation detailing which parts of Exhibit 7F did not support Dr. Carlson's opinion, and why he came to that conclusion. But that error was harmless because Dr. Carlson's conclusions about plaintiff's potential workplace impairments are ambivalent and equivocal. Along with saying plaintiff can perform "simple and more complex tasks[,]" Dr. Carlson's opinion states that she "probably would have trouble" in a work setting, and that Dr. Carlson "believe[s] she would have some difficulty accepting instructions[.]" "[P]robably have trouble" and "some difficulty accepting instructions" can hardly be read as requiring additional non-exertional limitations. This is especially true in light of the other evidence reviewed by the ALJ. The ALJ's insufficient explanation was harmless.

The same is true for the ALJ's failure to address parts of Dr. Charles's opinion indicating plaintiff is moderately limited in her ability to get along with coworkers and maintain concentration. Dr. Charles's opinion says plaintiff is moderately limited in a few sub-categories under the broader category of plaintiff's sustained concentration and persistence limitations. And according to Dr. Charles, plaintiff is not significantly impaired in the majority of those subcategories. The opinion is not inconsistent with the ALJ's findings and any insufficient explanation by the ALJ about Dr. Charles' opinion was harmless.

Even absent these errors, there is no realistic possibility the ALJ would have reached a different conclusion. The errors were harmless. Substantial evidence supported the ALJ's decision in finding that the plaintiff was limited to "simple, routine, repetitive tasks in an environment where there is no interaction with the general public." Tr. 19. The Court finds no reversible error.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 21] is DENIED and defendant's motion for judgment on the pleadings [DE 24] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this _26_ day of September, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

5